UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD GEROUX,

    Plaintiff,

v.

ASSURANT, INC., UNION SECURITY
INSURANCE COMPANY,

    Defendants.
_____/

Case No. 2:08-cv-00184
HON. R. ALLAN EDGAR

**MEMORANDUM**

Plaintiff Richard Geroux brought a complaint for unpaid benefits pursuant to long-term disability coverage provided by his employer, the Keweenaw Bay Indian Community, in the Tribal Court of the Keweenaw Bay Indian Community, L'Anse Reservation, Michigan. [Court Doc. No. 1, Complaint]. Plaintiff sought compensation for alleged underpayment of benefits under the policy of "approximately $230.39 per month since December 21, 1982." *Id.* Plaintiff's Complaint does not mention any claims pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

Defendants Assurant, Inc. ("Assurant") and Union Security Insurance Company ("Union Security") (collectively "Defendants") removed Plaintiff's case to this court on the basis of federal question jurisdiction, claiming that Plaintiff's claims were covered by ERISA. Defendant Union Security answered Plaintiff's Complaint and brought a counterclaim for Declaratory Judgment pursuant to 28 U.S.C. § 2201 seeking a declaration from this court that it is the exclusive forum for Plaintiff's claims and that the tribal court lacks jurisdiction over Plaintiff's

claims. The counterclaim further asserts that Union Security should not be required to exhaust its claims in tribal court because that court lacks jurisdiction over ERISA claims.

Plaintiff moved to remand this action to the tribal court in August of 2008 and moved to dismiss Defendant Union Security's counterclaim in September of 2008. [Court Doc. Nos. 7, 14]. As detailed *infra*, the parties have submitted additional briefing and have received additional time from this court for conducting jurisdictional discovery. This court has reviewed the record and the arguments of the parties and has determined that Defendants have not fulfilled their burden of demonstrating this court's jurisdiction at this time. Therefore, Plaintiff's motions to remand and to dismiss the counterclaim will be **GRANTED**. This matter will be **REMANDED** to the Keweenaw Bay Indian Community Tribal Court.

**I.     Background**

The Complaint asserts that Plaintiff is Native American and that he is a former employee and member of the Keweenaw Bay Indian Community ("Keweenaw Community"). Complaint, II, ¶ 2. The Keweenaw Community is located in Baraga and Marquette County, Michigan. Plaintiff claims that he is a third-party beneficiary of an insurance policy between the Keweenaw Bay Indian Community and Mutual Benefit Life Insurance Company ("Mutual Benefit") and its successors in interest, Union Security and Assurant.

Plaintiff asserts that on June 1, 1980 Mutual Benefit issued Group Policy #G25012, Certificate #311 ("Policy") for the Keweenaw Community. The insurance provided long-term disability insurance for employees of the community. Plaintiff asserts that the coverage was "designed to provide benefits of 60% of an individual's monthly earnings up to a monthly payment limit of 70% of that individual's monthly earnings." Complaint, ¶ 8.

Plaintiff contends that he was injured while he was working for the Keweenaw Community on December 21, 1982. Complaint, ¶ 10. The injury allegedly led to his permanent disability. He asserts that at the time of his injury, his monthly earnings were $2,433.98 and that his monthly insurance benefits should have been $1,460.39. Plaintiff asserts that the Policy provided that increases in Social Security benefits pursuant to the Social Security Act would not affect the amount of benefits available pursuant to the Policy. Complaint, ¶¶ 9, 11. He seeks damages for the underpayment of his disability insurance, as well as damages for lost business opportunity, punitive damages and exemplary damages.

Defendants removed Plaintiff's case to this court, claiming that Plaintiff's claims are preempted by ERISA and that, as such, the tribal court lacks jurisdiction over Plaintiff's claims. On August 8, 2008 Plaintiff moved to remand the case to tribal court. [Court Doc. No. 7]. Defendant Union Security filed its answer and a counterclaim on August 21, 2008. [Court Doc. Nos. 10, 11]. Defendant opposed the motion to remand on August 25, 2008. [Court Doc. No. 12]. Plaintiff moved to dismiss Defendant Union Security's counterclaim on September 10, 2008. [Court Doc. No. 14].

On October 14, 2008 this court denied the Defendants' motion to strike the Plaintiff's reply brief and granted the Defendants the right to file a surreply brief regarding the motion to remand. [Court Doc. No. 20]. The court further explained to the parties in its memorandum and order that it needed further evidentiary support to determine whether to grant the motion to remand and the motion to dismiss the counterclaim. *See id.* The court ordered the parties to supply it with additional briefing and factual records by November 14, 2008. *Id.*

The Plaintiff subsequently moved for an extension of time until December 5, 2008 to file

his briefing and evidence. [Court Doc. No. 24]. This court granted the request for extension of time. [Court Doc. No. 25]. Defendants then requested another extension of time in which to file the requested briefing until December 12, 2008. [Court Doc. No. 26]. The court again granted the requested extension of time. [Court Doc. No. 27].

On December 12th and 13th the parties filed their supplemental briefing and evidence pertaining to the motions to remand and to dismiss. *See* [Court Doc. Nos. 28, 29]. On December 23, 2008 Defendants filed a motion for leave to conduct jurisdictional discovery and to file a response to plaintiff's supplemental briefing. [Court Doc. No. 33]. This court ordered the parties to file their responses to Defendants' motion by January 14, 2009 and set the motion for a hearing before the U.S. Magistrate Judge on January 21, 2009. [Court Doc. No. 35].

The minutes of the subsequent hearing on the motion for discovery note that the "court finds some jurisdictional discovery is necessary and asks counsel to work out proposed discovery plan. . . ." [Court Doc. No. 37]. On January 26, 2009 the parties submitted a proposed order regarding a discovery plan to the court. [Court Doc. No. 38]. The proposed order suggested a 180-day period of time for additional jurisdictional discovery. The court signed the proposed order on January 27, 2009. [Court Doc. No. 39].

On June 17, 2009 the parties convened for a telephonic status conference, and the court determined that the previous briefing schedule regarding jurisdiction should remain in effect. *See* [Court Doc. No. 44]. On August 26, 2009 Defendants filed a motion for an extension of time to complete discovery. [Court Doc. No. 49]. The motion sought an additional 90 days for jurisdictional discovery and then another 30 days following the close of such discovery for filing a response to the Plaintiff's supplemental brief. *Id.* On August 28, 2009 this court ordered

responses to the motion for an extension of time for discovery to be filed by September 11, 2009. [Court Doc. No. 51]. On September 30, 2009 the court issued a notice of status conference regarding the Plaintiff's failure to respond to the Defendants' August 26th motion. [Court Doc. No. 52]. On October 6, 2009 the Plaintiff filed a notice of non-opposition to the Defendants' motion to extend the time for jurisdictional discovery. [Court Doc. No. 53]. On October 13, 2009 this court issued an order denying the motion for an extension of time to complete jurisdictional discovery and file an additional responsive brief. [Court Doc. No. 54]. Since this court's order on October 13, 2009 neither party has filed additional briefing or evidence relating to the question of this court's jurisdiction.

**II.     Analysis**

28 U.S.C. § 1441 governs the removal of actions generally. The statute states in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. . . .

28 U.S.C. § 1441(a)-(b). Further, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant seeking removal has the burden of proving jurisdiction in the district court. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir.

2007). Further, "'[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b) alleging federal question jurisdiction because Plaintiff's Complaint relates to rights arising under the terms of a group long-term disability insurance policy governed exclusively by ERISA, 29 U.S.C. § 1001 *et seq.* Defendants allege that because Plaintiff claims to be the beneficiary of an "employee benefit plan" as that term is defined under ERISA, his remedy lies solely with ERISA, 29 U.S.C. § 1132(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B) provides that:

> A civil action may be brought–
> (1) by a participant or beneficiary–
> . . .
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . .

29 U.S.C. § 1132(a)(1)(B). ERISA applies to employee benefit plans "established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce . . ." 29 U.S.C. § 1003(a)(1). Governmental plans, among others, are excluded from coverage under ERISA. 29 U.S.C. § 1003(b)(1).

In 2006 Congress amended ERISA to exclude tribal benefit plans from ERISA's coverage. *See* 29 U.S.C. § 1003(b)(1). Congress amended the definition of "governmental plan" to include:

> a plan which is established and maintained by an Indian tribal government . . . a subdivision of an Indian tribal government . . . or an agency or instrumentality of either, and all of the participants of which are employees of such entity substantially all of whose services as such an employee are in the performance of essential governmental functions but not in the performance of commercial activities.

29 U.S.C. § 1002(32). However, this amendment was included as § 906 of the overall Pension Protection Act, Pub. L. No. 109-280, 120 Stat. 780 (2006), and at least one federal district court has found that the amendment does not apply retroactively. *Dobbs v. Anthem Blue Cross and Blue Shield*, No. 04-cv-02283-LTB, 2007 WL 2439310, *3 (D. Col. Aug. 23, 2007).

Defendants argue that Plaintiff's claims in tribal court are pre-empted by ERISA and that the tribal court has no jurisdiction over such claims. 29 U.S.C. § 1144(a) states in part, ". . . the provision of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

Further, 29 U.S.C. § 1132(e) provides:

> (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e).

As stated in its memorandum and order in October of 2008, the court concludes there are two essential considerations at issue here. The first, raised in plaintiff's motion for remand, is whether removal was improper because 28 U.S.C. § 1441 allegedly does not provide for removal

from tribal court. This question further implicates whether Plaintiff's claims are ERISA claims. The second major issue relates to whether, despite this court having jurisdiction over Plaintiff's claims, the court must remand the case to tribal court for the tribal court to determine its own jurisdiction. Plaintiff relies on the theory of tribal exhaustion and comity in support of his motion to dismiss the counterclaim.

The Defendants have had nearly a year to support their opposition to the motion to remand and have failed to demonstrate jurisdiction in this court. Defendants have not persuaded this court that it should not remand the case to the tribal court for the tribal court to conduct a review of its own jurisdiction. There are significant questions remaining regarding whether 28 U.S.C. § 1441 permits removal of cases from tribal court, whether Plaintiff's claims are indeed subject to complete pre-emption pursuant to ERISA, and whether the tribal exhaustion doctrine applies. *See White Tail v. Prudential Ins. Co. of America*, 915 F.Supp. 153 (D. N.D. 1995); *see also Williams-Willis v. Carmel Financial Corp.*, 139 F.Supp.2d 773 (S.D. Miss. 2001). Therefore, Defendants have not sustained their burden of demonstrating jurisdiction, and the court must construe any doubt in favor of remand. *See Eastman*, 438 F.3d at 549-50. For this reason, Plaintiff's action will be **REMANDED** to the Keweenaw Bay Tribal Court for determination of its jurisdiction over this matter.

Defendant Union Security has also brought a counterclaim for Declaratory Judgment pursuant to 28 U.S.C. § 2201 seeking an order that determines that this court is the exclusive forum for resolution of Plaintiff's claims and that denies Plaintiff's claims pursuant to ERISA. The Declaratory Judgment Act states in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Sixth Circuit has clarified that exercising jurisdiction pursuant to the Declaratory Judgment Act is purely discretionary:

> The Supreme Court has indicated that this act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." In passing the act, Congress "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." District courts must be afforded substantial discretion to exercise jurisdiction "in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and fitness of the case for resolution, are peculiarly within their grasp."

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90, 115 S.Ct. 2137 (1995)); *see also Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (noting that "[e]xercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory").

The Sixth Circuit generally considers five factors when determining whether a case is suitable for declaratory judgment:

(1) whether the judgment would settle the controversy;
(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp.*, 373 F.3d at 813 (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000); *see also, Grand Trunk W.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The court concludes that at least three of the above factors weigh in favor of

declining jurisdiction in this case. It appears that Defendant Union Security is using its Declaratory Judgment action to convince the court of the need to deny the motion to remand and to keep Plaintiff's action in federal court. The court also concludes that by exercising jurisdiction in this matter it may encroach on the tribal court's right to establish its own jurisdiction and may also increase friction between the federal court and the tribal court. The court finally concludes that there is a better remedy that is more effective and that is to grant the motion to remand and allow the tribal court, which may be in a better position to determine the murky, distant facts in this matter, to determine its own jurisdiction over the action. Although the Defendants may complain that this will only delay the litigation in this action, the Defendants themselves have delayed nearly a year in their search for discovery, which as of this date has yielded no new evidentiary information that has been presented to this court. For these reasons, Plaintiff's motion to dismiss Defendant Union Security's counterclaim will be **GRANTED**.

### III. Conclusion

As described *supra*, the court will **GRANT** the Plaintiff's motion to remand [Court Doc. No. 7] and will **GRANT** the Plaintiff's motion to dismiss Defendant's counterclaim [Court Doc. No. 14]. Union Security's counterclaim will be **DISMISSED** without prejudice.

A separate order will enter.

       */s/ R. Allan Edgar*
       R. ALLAN EDGAR
    UNITED STATES DISTRICT JUDGE